1

2                                                           O

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         WESTERN DIVISION

11

12   RAYMOND BINGHAM            )    Case No.  CV 10-2596   CAS
                                )             CR 91-770      CAS
13              Petitioner,     )
                                )    PETITIONER'S THIRD MOTION FOR
14   vs.                        )    R E C O N S I D E R A T I O N    O F
                                )    PETITIONER'S   PETITION   FOR
15                              )    RELIEF UNDER CORAM NOBIS AND
     UNITED STATES OF AMERICA   )    MOTIONS FOR EMERGENCY RELIEF
16                              )    AND  TO  INVOKE  THE  COURT'S
                Respondent.     )    EQUITABLE AUTHORITY
17                              )
                                )
18                              )
                                )
19   _____ )

20
     I.      BACKGROUND
21
             On December 27, 2010, petitioner Raymond Bingham, a person in federal
22
     custody proceeding pro se, filed a third motion for reconsideration of this Court's
23
     August 9, 2010 order. In the order, the Court denied his petition for writ of error <u>coram</u>
24
     <u>nobis</u> under 28 U.S.C. § 1651 challenging his 1991 sentence of 300-months, finding
25
     that the petition for writ of error <u>coram nobis</u> was inappropriate under the
26
     circumstances, that it should be treated as a second or successive § 2255 motion, and
27
     that this Court lacked jurisdiction to review a second or successive petition without
28

1
2
3
4
5

approval from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner has since twice moved the Court to reconsider, arguing that his petition should not be treated as a second or successive § 2255 motion. In his third and most recent motion for reconsideration, petitioner focuses his arguments on the retroactive applicability of the Fair Sentencing Act of 2010.

6
7
8
9
10
11
12
13
14

Petitioner was sentenced to 240 months for violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine), and 60 months for violation of 18 U.S.C. § 924 (c) (carrying/using a firearm during and in relation to a drug trafficking crime). Records in a prior federal habeas corpus action brought by petitioner, of which this Court has taken judicial notice, show that on October 10, 1997, petitioner filed his first federal habeas corpus petition challenging his sentence.  On November 10, 1998, judgment was entered denying the habeas petition on the merits.  The petitioner did not appeal the judgment to the Ninth Circuit Court of Appeals.

15

## II.    DISCUSSION

16
17
18
19
20
21
22

In his third motion for reconsideration, petitioner argues that his April 9, 2010 petition was not "second and successive" because the Fair Sentencing Act of 2010 should be applied retroactively, and as such, it constitutes a new claim that could not have been raised at the time when he filed his first federal habeas petition. In support of his argument, petitioner extensively relies on the legislative history of the Act, highlighting sections that describe the disparate impact of the pre-amendment sentencing guidelines.

23
24
25
26
27
28

However, as this Court previously discussed in its October 19, 2010 and November 30, 2010 orders denying petitioner's first and second motions for reconsideration, respectively, the Fair Sentencing Act of 2010 does not apply retroactively. See Dkt. Nos. 12, 18; see also United States v. Hall, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. Nov. 10, 2010). Without a claim of retroactivity, allowing the petitioner to file a second § 2255 petition would not further the purposes of the

1
2
3
4
5

Antiterrorism and Effective Death Penalty Act with regard to finality. Therefore, the Court appropriately treated the claim as a literal second or successive motion. As this Court discussed in its August 9, 2010 order, the Court is without jurisdiction to consider a second or successive petition absent certification from the court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

6

## III.   CONCLUSION

7
8
9

Having considered petitioner's arguments, the Court finds that the record shows conclusively that petitioner is not entitled to the requested relief.  The Court concludes that an evidentiary hearing is not required to adjudicate this matter.

10

For the reasons discussed above, petitioner's petition is hereby DISMISSED.

11
12

Dated: January 24, 2010

*Christina A. Snyder*

13

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3